# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50279
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO HERNANDEZ-BARRIENTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1917

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gerardo Hernandez-Barrientos appeals the 30-month above-guidelines sentence imposed by the district court following his guilty plea conviction for illegal reentry into the United States after deportation. He argues that the sentence is substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends that the district court did not adequately consider the sentencing factors or his personal history and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50279

characteristics and gave disproportionate weight to his prior misdemeanor convictions. He maintains that U.S.S.G. § 2L1.2 essentially double counted his prior convictions and that his illegal reentry offense was merely an international trespass.

Because Hernandez-Barrientos did not object to the substantive reasonableness of his sentence in the district court, review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, he must show that the error was clear or obvious and affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

After considering the Presentence Report, the circumstances of the case, the parties' arguments and the § 3553(a) sentencing factors, the district court determined that a within-guidelines sentence would be inadequate to achieve the sentencing goals of § 3553(a) in view of Hernandez-Barrientos's history and characteristics and prior criminal convictions. The district court noted that six of his prior convictions were not counted in calculating his criminal history category. According to the district court, the Guidelines did not take into account the seriousness of Hernandez-Barrientos's prior assault conviction in which he stabbed his wife with a knife. The district court found that this assault conviction was analogous to an aggravated felony or a crime of violence.

The sentence imposed by the district court was not substantively unreasonable. There is no indication that the district court failed to consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in balancing the

§ 3553(a) factors. *See Peltier*, 505 F.3d at 392. We have consistently rejected the argument that § 2L1.2 improperly double counts a defendant's prior criminal convictions. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that the Guidelines overstate the seriousness of the illegal reentry offense because it is simply an international trespass. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). Further, we have upheld similar or more substantial variations than the 14-month variation at issue in this case. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a sentence of 216 months where the guidelines range was 46 to 57 months); *United States v. Lopez-Velasquez*, 526 F.3d 804, 805, 807 (5th Cir. 2008) (affirming a 72-month sentence for illegal reentry offense when the guidelines range was 24 to 30 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming an upward variance or departure to 120 months from a guidelines range of 46 to 57 months).

Hernandez-Barrientos has not shown that the sentence is substantively unreasonable based on his disagreement with the district court's balancing of the § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007); *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008). For these reasons, Hernandez-Barrientos has not demonstrated that the district court plainly erred in imposing the 30-month sentence.

AFFIRMED.